```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| MELISSA A. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 09-2120-JPM-cgc |
| | ) | |
| BEHAVIOR SERVICES OF TENNESSEE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

```
                     ORDER CORRECTING THE DOCKET
     ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS
              FILED BY BEHAVIOR SERVICES OF TENNESSEE, INC.
                                 AND
                       ORDER OF PARTIAL DISMISSAL
```

On March 2, 2009, Plaintiff Melissa A. Simpson, a resident of Memphis, Tennessee, filed a pro se complaint on the form used for commencing actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Behavioral Services of Tennessee, Inc. ("BSTN"),[1] Jenifer Peacock, and Carrie Peacock. (Docket Entry ("D.E.") 1.) Plaintiff paid the civil filing fee. (D.E. 2.) The Court issued an order on April 28, 2009, that, inter alia, dismissed the Title VII claims against the individual defendants, dismissed the claim under 42 U.S.C. § 1983 against all defendants, and directed Plaintiff to obtain a summons from the

---

[1] The Clerk is directed to correct the docket to reflect the correct name of Defendant BSTN, which is found in its motion to dismiss. (D.E. 11 at 1; D.E. 11-2 at 1.)

Clerk and to effect service on the remaining defendant, BSTN. (D.E. 3.) Because the registered agent for BSTN refused to accept service, the Court authorized service through the U.S. Marshal. (D.E. 7.)

In her original complaint, Plaintiff did not allege that she was discriminated against on the basis of her race, color, sex, religion, or national origin. Instead, she asserted that she was wrongfully terminated without due process because of nepotism. (D.E. 1 at 2.) Plaintiff further complains that she was terminated for calling a meeting to clarify client protocol, but that another employee was not terminated for the same behavior. (Id. at 3.)

Plaintiff filed an amended complaint as of right on August 7, 2009, that, inter alia, sought to reassert claims against the individual defendants named in the original complaint and to add two new defendants, Carlos Gonzalez and Rick Hopskins. (D.E. 10.) That complaint asserted that Plaintiff was discriminated against because of her race. (Id. at 3.) Plaintiff's amended complaint reasserted Title VII and § 1983 claims against all defendants and also asserted a claim under 42 U.S.C. § 1985. (Id. at 5.)

On September 10, 2009, Defendant BSTN filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (D.E. 11), and Plaintiff filed her response on September 30, 2009 (D.E. 13).

The standard for assessing a Rule 12(b)(6) motion is as follows:

2

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A. 7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286  (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236  (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555-56 (2007) (footnote omitted). The Supreme Court explained that the notice pleading rules do not eliminate a plaintiff's obligation to set forth some factual basis for her claims:

> While, for most types of cases, the Federal Rules [of Civil Procedure] eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only the "fair notice" of the nature of the claim, but also "grounds" on

3

>which the claim rests. <u>See</u> 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

<u>Id.</u> at 556 n.3.

<u>Twombly</u> was an antitrust case and, after the issuance of that decision, some courts assumed that the requirement that a litigant plead the factual basis for her claims was applicable primarily to complex litigation. However, the Supreme Court recently extended the principles stated in <u>Twombly</u> to a civil rights claim under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1974). In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the Supreme Court stated as follows:

>[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1950. Applying those standards, the Supreme Court held that the plaintiffs had not adequately alleged that the moving defendants had purposely discriminated against them on the basis of their religion. <u>Id.</u> at 1950-52.

These standards apply to employment discrimination claims. Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." <u>League v. United Latin Am. Citizens</u>, 500 F.3d 523, 527

(6th Cir. 2007). In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), the Supreme Court held that an employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas v. Green, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he prima facie case under McDonell Douglas . . . is an evidentiary standard, not a pleading requirement," 534 U.S. at 510, and that the McDonnell Douglas framework is inapplicable where a plaintiff has direct evidence of discrimination, id. at 511. Thus, in the employment discrimination context, "the ordinary rules for assessing the sufficiency of a complaint apply." Id.

Plaintiff's status as a pro se litigant does not absolve her from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the

5

same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Thus, in Erickson v. Pardus, 551 U.S. at 127 S. Ct. 2197 (2007), the pro se prisoner's complaint contained detailed factual allegations, and supporting documents, detailing the factual basis for his claims and the manner in which he contends the defendants were deliberately indifferent to his serious medical needs. Id. at 90-92, 94.

In its motion to dismiss, BSTN first argues that it is a private, for-profit corporation that is not subject to suit under 42 U.S.C. § 1983. (D.E. 11 at 1; D.E. 11-2 at 1, 4.) 42 U.S.C. § 1983 provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to

be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). "There are three tests employed by the courts to determine whether the challenged conduct is fairly attributable to the state: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test." Id. at 232 (quoting Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992)); see also Campbell v. PMI Food Equip. Group, Inc., 509 F.3d 776, 783-84 (6th Cir. 2007).

In her amended complaint, Plaintiff has not identified the test she contends should be applied in this case, and she has not alleged that the actions of Defendant BSTN, a private corporation, can be attributed to the state. In her response to the motion to dismiss, Plaintiff reiterates her position that "[e]ven if these Defendant(s) are operating under a private for profit corporation this does not preclude the defendant(s) from being liable." (D.E. 13 at 3.) Plaintiff's legal memorandum (D.E. 13-2) does not mention a § 1983 claim. Therefore, the Court GRANTS BSTN's motion to dismiss the complaint against it, to the extent it asserts a claim under 42 U.S.C. § 1983, pursuant to Fed. R. Civ. P. 12(b)(6). The Court also DISMISSES the § 1983 claim against the individual defendants pursuant to Fed. R. Civ. P. 12(b)(1) because, as employees of a private corporation, they do not act under color of state law. (See D.E. 3 at 2-3.) As stated in the April 28, 2009, order, Plaintiff can sue for a violation of her Fourteenth Amendment right to due process only through 42 U.S.C. § 1983. (Id.)

7

Because Defendants do not act under color of state law, she has no due process claim. This defect cannot be cured and, therefore, Plaintiff is CAUTIONED that it would not be appropriate to seek to amend her complaint to reassert this claim.

BSTN has also moved to dismiss Plaintiff's claim under 42 U.S.C. § 1985, which prohibits conspiracies to deprive persons of certain civil rights on account of race. Although the complaint does not specify which of the three subsections of § 1985 is at issue, Plaintiff must intend to rely on 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999); see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007).

BSTN argues that Plaintiff's § 1985(3) claim must be dismissed due to the "intracorporate conspiracy" doctrine. (D.E. 11-1 at 6-8.) To recover under § 1985(3), Plaintiff must prove a conspiracy among "two or more persons." Ordinarily, "a corporation cannot

8

conspire with its own agents or employees." Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir. 1991). The Sixth Circuit has recognized the "scope of employment" exception to the doctrine. That exception "recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 840 (6th Cir. 1994). "[W]hen employees act outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3)." Id. at 841.[2] Even then, a corporation may be held liable only if the complaint alleges that the corporation conspired with the individual defendants to violate the plaintiff's civil rights. See, e.g., Adcock v. City of Memphis, No. 06-2109, 2007 WL 784344, at *4-*5 (W.D. Tenn. Mar. 13, 2007) (dismissing claims against corporation, but not individual defendants, under the intracorporate conspiracy doctrine).

In this case, Defendant Gonzalez owns BSTN, and all the individual defendants are employed by BSTN. The complaint, as amended, does not allege that the individual defendants were acting outside the scope of their employment. Although the factual allegations of the amended complaint are vague, it appears that Plaintiff was disciplined for using her own money to buy something for a BSTN client. (See D.E. 10 at 10-11.) Plaintiff responded, by

---

[2] In addition, "[a] corporation formed for the purpose of depriving citizens of their civil rights would not be shielded by the intracorporate conspiracy doctrine. . . . [M]embers of the Ku Klux Klan could not avoid liability by incorporating." Id.

email, that "I feel very uncomfortable with someone telling me I cant [sic] do something with my own money," (id.), and that "I am willing to have a meeting to address this issue," (id.). BSTN apparently responded by terminating Plaintiff. The Sixth Circuit has recognized that "internal corporate decisions . . . would almost always be within the scope of employment." Johnson, 40 F.3d at 840. That the actions at issue in this case occurred during working hours and were connected to the business of BSTN is strong evidence that the individual defendants were acting within the scope of their employment. Id. at 841.

Although the amended complaint does allege that the individual defendants were motivated by the facts that Plaintiff was "Black and outspoken" (D.E. 10 at 3),³ "permitting a plaintiff to avoid the intracorporate conspiracy doctrine in § 1985(3) claims by alleging personal bias in carrying out actions within the scope of employment would eviscerate the doctrine." Prieto v. Kalamazoo Metal Recyclers, Inc., No. 1:08-CV-706, 2008 WL 5087968, at *4 (W.D. Mich. Nov. 26, 2008) (citing Hartman v. Board of Trustees of Community College Dist. No. 508, 4 F.3d 465, 470 (7th Cir. 1993)); see also Hayes v. Allstate Ins. Co., 95 F. Supp. 2d 832, 837 (W.D. Tenn. 2000) (rejecting argument that "acts of racial discrimination are by definition outside the scope of employment").

In her response to the motion to dismiss, Plaintiff argues that the individuals were acting outside the scope of their

---

³ The original complaint, by contrast, alleged that the individual defendants were motivated by personal animus and nepotism. (D.E. 1 at 4.)

10

employment because they did not follow BSTN's internal procedures when they terminated her. (D.E. 13-1 at 3, 11.) Plaintiff overlooks the fact that "the mere fact that an activity is illegal or inappropriate does not, without more, render that activity outside the scope of employment." Hayes, 95 F. Supp. 2d at 837. Almost every § 1985(3) claim involves an allegation that the defendants were doing something wrong, but the operative test is whether the employees were working to advance the business of the corporation or their own private interests. In this case, for the reasons previously stated, the complaint does not adequately allege that the individual defendants were acting outside the scope of their employment, and the additional assertions in Plaintiff's response to the motion to dismiss do not alter that conclusion.

Therefore, the Court GRANTS BSTN's motion to dismiss the § 1985 claim against all defendants pursuant to Fed. R. Civ. P. 12(b)(6).[4]

For the reasons stated in the April 28, 2009, order, Plaintiff cannot sue the individual defendants under Title VII. (D.E. 2.) Because the claims against the individual defendants in the amended complaint are without merit as a matter of law, the Court DISMISSES

---

[4] BSTN also seeks to dismiss the § 1985 claim on the basis of the Supreme Court's decision in Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979), which held that "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." (D.E. 11-2 at 4-6.) BSTN appears to have read Novotny too broadly. The case involved a retaliation claim, which was created by Title VII. This case, by contrast, involves an Equal Protection Claim, which is based on the U.S. Constitution. See Bremiller v. Cleveland Psychiatric Inst., 879 F. Supp. 782, 789-90 (N.D. Ohio 1995).

the complaint as to them. The only remaining claim is the Title VII claim against BSTN.

Finally, BSTN has moved to dismiss the Title VII claim because Plaintiff did not allege that she exhausted her administrative remedies. (D.E. 11 at 2; D.E. 11-2 at 8-9.) Exhaustion of administrative remedies is a condition precedent to suit under Title VII. See, e.g., Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486-88 (6th Cir. 1989). Defendant has cited no authority for the proposition that a plaintiff is required to allege in her complaint that she exhausted her administrative remedies. In response to the motion to dismiss, Plaintiff has submitted proof that she filed a charge with the EEOC, and received a right to sue letter, after commencing this action. (D.E. 13-2 at 16, 18.) Defendant's motion to dismiss the Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege exhaustion is DENIED.[5]

IT IS SO ORDERED this 26th day of May, 2010.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[5] The Court has not considered whether it was appropriate for Plaintiff to exhaust her Title VII claim after filing suit because BSTN's motion did not raise that issue.